**UNITED STATES COURT OF APPEALS**
**Filed 6/7/96**
**TENTH CIRCUIT**

KRIS K. AGRAWAL, Ph.D. P.E., individually, )
doing business as Kay Kay and Associates )
Engineers; GENERAL MINERALS )
CORPORATION, )
          )
        Plaintiffs-Appellants, )
          )
        v. )          No. 95-6321
          )      (D.C. No. CV-94-1701)
TANA WALKER, individually; OKLAHOMA )     (W.D. Oklahoma)
CORPORATION COMMISSION, )
          )
        Defendants-Appellees. )

**ORDER AND JUDGMENT**[*]

Before **ANDERSON, BARRETT** and **LOGAN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiffs Kris K. Agrawal and General Minerals Corporation appeal the district court's grant of summary judgment and dismissal of their 42 U.S.C. §1983 suit against Tana Walker and the Oklahoma Corporation Commission (OCC).

Agrawal is a licensed engineer who has been engaged in business in Oklahoma, including as a consultant on fuel storage facilities.  Plaintiffs alleged that defendant Walker, manager of the Fuel Storage Department for defendant OCC, violated their constitutional rights when she sent Agrawal a letter stating that his companies, Kay Kay and Associates and General Minerals Corporation, were to refrain from performing any work on sites subject to Oklahoma's storage tank regulation laws.  Defendant Walker sent copies of the letter to owners and operators of tanks on which the companies were operating under agreements.  Plaintiffs produced documents indicating that after receiving the letter, some of the owners and operators terminated their agreements with plaintiffs.  They further alleged that defendant Walker's action in sending the letter impaired obligations of contract, in violation of Article I, Section 10 of the Constitution; and deprived them of property and liberty interests without due process in violation of the Fourteenth Amendment.  They also asserted that Walker denied Agrawal certification as an underground storage tank consultant in retaliation for exercising his right to counsel, thereby violating his First Amendment rights.  Plaintiffs sought monetary damages from

2

Walker and equitable relief from both defendants. The district court in a well reasoned order discussed plaintiffs' claims and granted summary judgment in favor of defendant Walker and dismissed the action against the OCC as well. Plaintiffs appealed.

We have considered the arguments in plaintiffs' briefs and examined the record submitted to the court. After this review we are satisfied that the district court accurately summarized the facts and correctly applied the law. We therefore AFFIRM for substantially the reasons stated in the district court order of August 25, 1995.

**AFFIRMED.**

Entered for the Court

James K. Logan
Circuit Judge